# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**RICO ONEAL McBRIDE**                                                          **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 1:24-cv-64-TBM-RPM**

**CRST/CRST THE TRANSPORTATION
SOLUTION, INC., EXPEDITED SOLUTIONS** *et al*            **DEFENDANTS**

## ORDER

Rico Oneal McBride, proceeding *pro se*, was working as a truck driver for Defendant CRST/CRST the Transportation Solution, Inc., Expedited Solutions ("CRST") when he allegedly sustained injuries as a result of his employment. McBride now sues CRST as well as current and former CRST employees: Hugh Ekberg, former CEO and President of CRST; Jacob Witte, Operation Manager; Benjamin Lizer, Director-Operations; and Rus Ruskey, Driver Manager. But he fails to allege facts to pinpoint what he is actually claiming against these individuals.

The individual Defendants, Hugh Ekberg, Jacob Witte, Benjamin Lizer, and Rus Ruskey, seek dismissal of all claims asserted against them for lack of personal jurisdiction, and in the alternative, insufficient service of process. Because this Court lacks personal jurisdiction over the individual Defendants, their Motion to Dismiss [8] is granted.[1]

---

[1] Defendant CRST/CRST the Transportation Solution, Inc., Expedited Solutions, has not moved to dismiss McBride's claims at this time.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Rico Oneal McBride, is a resident of Moss Point, Mississippi, and worked as a Lease Operator truck driver for CRST, an Iowa based company. [1], p. 4, 5. McBride was responsible for traveling across the lower 48 states to mentor and train student truck drivers. *Id*. Between October 1, 2021, through March 5, 2022, McBride asserts that "performing those duties . . . took the life away [from] me being a person and to destroy my health with blood clots which [is] known as dvt." [1], p. 5. His only factual allegation is that he "was treated poorly and neglected by the company and its officials" and that they did not help him "with the proper care" or "proper earnings." [1], p. 5. And even that is conclusory.

The individual Defendants filed their Motion to Dismiss [8] for lack of personal jurisdiction and for insufficient service of process on October 3, 2024. [8], p. 1. McBride did not respond, and this Court entered an Order to Show Cause [9] requiring McBride to explain why the Motion to Dismiss should not be granted and why this action should not be dismissed for failure to prosecute. Although McBride did file responses to the Court's Order to Show Cause and, eventually, the Motion to Dismiss, he merely argues—with no authority or discussion in support—that "[t]he Defendants' Motion to Dismiss Should Not be Granted" and that "This Case Should Not be Dismissed For Failure To Prosecute or Pursue Claims." [10], p. 3; [11], p. 3; [14], p. 4.

## I. PERSONAL JURISDICTION

This court uses a two-step process to determine whether it may exercise personal jurisdiction over a non-resident defendant in diversity cases: "(1) the defendant must be amenable to service of process under the forum state's jurisdictional long-arm statute, and (2) the exercise of jurisdiction under the state statute must comport with the dictates of the due process clause of the Fourteenth Amendment." *Omni Cap. Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-05, 108 S.

Ct. 404, 409-10, 98 L. Ed. 2d 415 (1987). "In light of this authority, this court would ordinarily discuss the question of whether Mississippi's state law allows the assertion of personal jurisdiction over defendant first, but it will discuss the federal due process prong first in this case." *Wilmington Tr., N.A. v. Lincoln Benefit Life Co.*, 328 F. Supp. 3d 586, 589 (N.D. Miss. 2018). The Court does so primarily because McBride's claims are not the picture of clarity, and because "the law relating to the due process issues is considerably clearer . . . in this context." *Id*.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 66. S. Ct. 154, 90 L. Ed. 95 (1945)). "The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002) (internal quotations and citation omitted); *Halliburton Energy Servs. Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019).

The minimum contacts requirement can be established either through contacts sufficient to establish general jurisdiction or specific jurisdiction. *Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir. 1994). "Where a defendant has 'continuous and systematic general business contacts' with the forum state, . . . the court may exercise 'general' jurisdiction over any action brought against that defendant." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S. Ct. 1868, 80 L. Ed. 2d

3

404 (1984)). But when "contacts are less pervasive, the court may still exercise 'specific jurisdiction' in a suit arising out of or related to the defendant's contacts with the forum." *Id*. Ultimately, the defendant's conduct must be so connected with the forum State, "such that he should reasonably anticipate being haled into court there." *Burger King*, 471 U.S. at 474 (quoting *World-Wide Volkswagen*, 444 U.S. at 295). Here, there are no allegations that the individual Defendants' contacts with Mississippi were so "continuous and systematic" to support general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). So this Court must decide whether McBride's allegations are sufficient to establish specific personal jurisdiction over the individual Defendants.

Specific jurisdiction "may arise without the nonresident defendant[] ever stepping foot upon the forum state's soil or may arise incident to the commission of a single act directed at the forum." *Lee v. Allen*, 32 F.3d 566, 3, 1994 WL 442487 (5th Cir. 1994). "However, jurisdiction over the employees of a corporation may not be predicated on jurisdiction over the corporation itself, but must be based on their *individual* contacts with the forum state." *Id*. (emphasis in original) (collecting cases). Thus, in deciding whether there is jurisdiction over the individual Defendants, the Court does not consider CRST's contacts with the forum state. Instead, this Court determines whether the individual Defendants "purposefully directed [their] activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018). To be sure, purposeful availment requires more than "random, fortuitous, or attenuated contacts [the defendant] makes by interacting with other persons affiliated with the State" and must rely on "intentional conduct by the defendant that creates the necessary contacts with the forum." *Tutus, L.L.C. v. JLG Indus., Inc.*, No. 21-20383, 2022 WL 1517044, at *1 (5th Cir. May 12, 2022) (alteration in original).

4

In his Complaint, McBride asserts that this Court has jurisdiction because "[t]he actions complained of . . . occurred in Lamar County, Mississippi." [1], p. 3. But apart from this conclusory allegation, McBride provides no facts showing that the individual Defendants—Hugh Ekberg, Jacob Witte, Benjamin Lizer, and Rus Ruskey—had any contacts whatsoever with the forum state. In fact, McBride does not allege that the individual Defendants had any connection to the state of Mississippi at all. Instead, McBride provides only one confusing, and conclusory, factual allegation that he "was treated poorly and neglected by the company and its officials." [1], p. 5. And he provides no specific facts about the individual Defendants' contributing role.

Although McBride is entitled to a liberal construction of his pleadings, he "provides no basis for concluding that the individual defendants—not [CRST]—had purposefully availed themselves of the privilege of conducting activities in-state or had taken any action directed at the state of [Mississippi]." *Lee*, 1994 WL 442487, *4 (5th Cir. 1994) (citing *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 772 (5th Cir.1988); *Wilson v. Belin*, 20 F.3d 644, 649 (5th Cir. 1994)); *Barnstone v. Congregation Am Echad*, 574 F.2d 286 (5th Cir. 1978) (rejecting Texas-based architect's argument that remotely providing services from Texas for construction of synagogue in Maine established defendant's necessary contact with Texas). Because the individual Defendants do not have the requisite minimum contacts with the State of Mississippi, this Court "need not inquire into fairness." *McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009). Since McBride fails to allege a prima facie case of personal jurisdiction over the individual Defendants, their Motion to Dismiss [8] is granted and McBride's claims against them are dismissed without prejudice for lack of personal jurisdiction.

## II. INSUFFICIENT SERVICE OF PROCESS

The individual Defendants are also entitled to a without prejudice dismissal for insufficient

service of process. Service of a summons and complaint in a federal lawsuit is governed by Federal Rule of Civil Procedure 4, which states that an individual within a judicial district of the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(1). Iowa law provides that "[a] party or party's agent or attorney may take acknowledgement of service and deliver a copy of the original notice in connection therewith and may mail a copy of the original notice when mailing is required or permitted under any rule or statute." IOWA R. CIV. P. 1.302(4).

Here, the record reflects that on September 12, 2024, Karen Didio, a CRST Human Resource Department employee, was personally served at CRST's corporate office with "five individual envelopes" containing copies of the summons and Complaint for each individual Defendant and CRST. [8-2], p. 1. There are no facts, however, indicating that Karen Didio is a party to this action or that she is the agent of any of the individual Defendants. *See id*. Service is therefore insufficient under Rule 4 of the Federal Rules of Civil Procedure and Iowa law, and the Court lacks personal jurisdiction over the individual Defendants. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 1327, 143 L. Ed. 2d 448 (1999).

## III. CONCLUSION

IT IS ORDERED AND ADJUDGED that Defendants Hugh Ekberg, Jacob Witte, Benjamin Lizer, and Rus Ruskey's Motion to Dismiss [8] is GRANTED and Rico Oneal McBride's claims against these Defendants are DISMISSED WITHOUT PREJUDICE.

This, the 22nd day of September, 2025.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE